The Supreme Court affirmed the judgment of the Common Pleas on May 8th, 1861, in the following opinion, per:
Woodward, J.
The assignment of 15th December, 1858, by John W. Murphy to James M. Porter, Jr., was upon the express “trust that the said James M. Porter, Jr., shall retain all moneys I owe him; and. out of the residue shall pay Wm. R. Hansen the debt I owe to him, and out of the residue, if any, pay, to A. & P. Roberts a debt that I owe to them.” The instrument is formal and was duly sealed and witnessed. It established a trust in Porter for the benefit of himself and the other creditors named.. That it was a partial assignment in respect either of the debt- or’s estate or of his whole list of creditors, makes it none the-less an assignment in trust for the benefit of the creditors who> are specified in it. That such an instrument, unrecorded, is-void, against a subsequently attaching creditor, is shown by the Acts of Assembly and the adjudged cases referred to in the-argument.
It is attempted to rescue the assignment from so fatal a consequence by the rulings in Werner vs. Davis, 6 H, 333, and in Henderson’s Appeal, 7 Casey, 503; but in both of these cases the assignments were made directly to creditors, and not to-a trustee for their use. On this ground they were sustained as not falling within the meaning of the Act of 1818, though in the first of these cases the assignment had been recorded. The distinction between instruments such as those and the one now before us is plainly pointed out in Chaffees vs. Risk, 12-H., 434. And that this assignment should have been recorded though made for the benefit of less than all of the assignor’s creditors, is proved by what was ruled in Englebert vs. Blanjot, 2 Wh., 240.
Judgment affirmed.